UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRITTANY WOODMAN, | Case No.2:22-CV-1210  JCM (BNW) |
| Plaintiff(s), | |
| v. | ORDER |
| MEDICREDIT, INC., | |
| Defendant(s). | |

Presently before the court is defendant Medicredit's motion for summary judgment. (ECF No. 26). Plaintiff Brittany Woodman filed a response (ECF No. 27), to which Medicredit replied (ECF No. 31). For the reasons stated below, this court grants defendant's motion.

**I.    Background**

This action involves alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq*., ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA") arising from the plaintiff's medical debt. (ECF No. 20).

Woodman owed three separate medical debts to St. Rose Hospital. (ECF No. 20). St. Rose assigned Woodman's three accounts to Medicredit to collect. (ECF No. 26). The first account was placed with Medicredit in 2019 and the second account was placed in 2020. (*Id*.).

Woodman retained legal representation in April 2021 regarding her first two debt accounts. (ECF No. 20). Medicredit received notice of Woodman's legal representation on her first two accounts in April 2021 ("the April notice"). (ECF No. 26). Woodman's third account was placed with Medicredit on June 4, 2021. (ECF No. 26, Exhibit 4).

Woodman and Medicredit dispute when Medicredit received notice of representation regarding Woodman's third account. (ECF Nos. 26, 27). Woodman contends her counsel

1  provided notice by fax on June 15, 2021 ("the June notice"). (ECF No. 27, Exhibit A). Medicredit
2  denies it received notice on the third account until August 12, 2021. (ECF No. 26).

3      Woodman alleges Medicredit contacted her by phone directly on six separate occasions
4  when it had knowledge of her legal representation, constituting harassment and unfair practices
5  under 16 U.S.C. § 1962, *et seq*. (ECF No. 20). Medicredit contends any communication with
6  Woodman between June and August was regarding the third debt account only, when Medicredit
7  allegedly did not have notice of representation. (ECF No. 26).

8      Woodman further alleges the communication from Medicredit was made through an
9  automatic telephone dialing system without her consent, violating 47 U.S.C. § 227, *et seq*.
10 Medicredit moves for summary judgment on both the FDCPA and the TCPA claims. (ECF No.
11 26). For the reasons stated below, the court finds no genuine issue of material fact and grants
12 defendant's motion for summary judgment.

13 **II.   Legal Standard**

14     The Federal Rules of Civil Procedure allow summary judgment when the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits (if any),
16 show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment
17 as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate
18 and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24
19 (1986).

20     In judging evidence at the summary judgment stage, the court does not make credibility
21 determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most
22 favorable to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
23 626, 630–31 (9th Cir.1987).

24     When the non-moving party bears the burden of proof at trial, the moving party can meet
25 its burden on summary judgment in two ways: (1) by presenting evidence to negate an essential
26 element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed
27 to make a showing sufficient to establish an element essential to that party's case on which that
28 party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party

fails to meet his initial burden, summary judgment must be denied, and the court need not consider the non-moving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies their initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

However, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324. If the nonmoving party's evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).

**III.   Discussion**

A.   FDCPA Claims

The FDCPA prohibits debt collectors from engaging in unfair and abusive practices and creates a private right of action to enforce its provisions. *Inserra v. Pinnacle Services Inc.*, 2023 WL 3342609 at *5 (D.Nev., 2023). To establish a FDCPA claim, a plaintiff must show that (1) the plaintiff is a consumer, (2) the debt arises out of a personal transaction, (3) the defendant is a debt collector, and (4) the defendant violated one of the provisions of the FDCPA. *Id*.

As a preliminary matter, Medicredit does not dispute the first three elements; it is settled that the plaintiff is a consumer, the defendant is a debt collector, and the debt is personal.

Woodman asserts three violations of the FDCPA. Each violation is premised on the allegation that Medicredit contacted Woodman regarding her debts with the "actual knowledge" that she was represented by counsel. (ECF No. 27 at 4-22). Accordingly, the court need only consider whether Medicredit knowingly contacted Woodman in violation of 15 U.S.C. §

1692c(a)(2) to determine liability for harassment and unconscionable practices under 15 U.S.C. §§ 1692d and 1692f.

> *1. Notice of Attorney Representation in violation of 15 U.S.C. § 1692c(A)(2)*

Woodman argues Medicredit violated the FDCPA by attempting to collect from her when it had notice of Woodman's legal representation. (ECF No. 20). Medicredit contends it had only knowledge of Woodman's legal representation on her existing two accounts and Medicredit's communication during the disputed time exclusively concerned the later-placed third account. (ECF No. 26).

FDCPA prohibits a debt collector from contacting a debtor in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt or can readily ascertain the attorney's name and address." 15 U.S.C. § 1692c(A)(2).

Courts generally interpret the knowledge requirement in 15 U.S.C. § 1962c(A)(2) to require that a debt collector have "actual knowledge" of attorney representation with respect to the specific debts. *Schmitt v. FMA Alliance*, 398 F.3d 995 (8th Cir. 2005) (emphasis added); *see also Beeks v. ALS Lien Servs,* 2014 WL 7785745 (C.D. Cal. Feb. 18, 2014); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986 (D. Ariz. 2010). This interpretation is consistent with the plain language of the statute referring to "such debt." 15 U.S.C. § 1692c(A)(2).

Woodman sent notices to Medicredit regarding her legal representation in April and June 2021. (ECF No. 20). When Woodman sent the April notice, her only existing debt was the second account. (ECF No. 26, Exhibit 2). Her third account was opened with Medicredit on June 4, 2021. (*Id.*, Exhibit 3). Woodman sent a subsequent notice of representation on June 11, 2021. (ECF No. 27).

Woodman argues both the April and June notices should have apprised Medicredit of Woodman's representation on the third account. (*Id.*). However, the April notice was sent before the third account was opened and the June notice references only Woodman's second account. (ECF No. 31, Exhibit 8). At issue is whether the notices sufficiently informed Medicredit of Woodman's representation on the later third account.

The Third Circuit's reasoning in *Graziano v. Harrison* is persuasive on these facts. There, the court held that a debt collector does not automatically violate Section 1692c(A)(2) by communicating with a debtor regarding *new* debts, even when the debtor is represented by counsel on an earlier debt. *Graziano v. Harrison,* 950 F.2d 107, 113 (3d Cir.1991) (overruled on other grounds). Accordingly, the court declined to require collectors to proactively become aware of legal representation on newly opened debt accounts. *Graziano*, 950 F.2d at 113.

Lower district courts have made similar findings. *See Ramirez v. LTD Fin. Servs., L.P.,* 2021 WL 5027860 (N.D. Ga. July 16, 2021). In *Ramirez*, a debtor's counsel sent collection agency LTD a letter of representation days before a phone call was made to collect. The court nonetheless found LTD did not possess actual knowledge of the debtor's legal representation because the "letter did not clearly communicate the relevant facts." *Ramirez*, 2021 WL 5027860 at *11; *see also, e.g., Goodman v. S. Credit Recovery, Inc.*, Nos. 97–2385 & 98–1174, 1999 WL 14004, at *5 (E.D.La.1999) (granting summary judgment in favor of debt collector because the "with respect to such debt" language "does not require a debt collector to assume that an attorney representing a consumer with respect to one or more specific debts represents that consumer with respect to all obligations which are owed by the consumer"); *Robinson v. Transworld Sys., Inc.*, 876 F.Supp. 385, 390 (N.D.N.Y.1995) (granting summary judgment in favor of debt collector because the debt collector's knowledge that the consumer was previously represented by an attorney with respect to a different debt did not preclude the debt collector from communicating directly with the consumer regarding a subsequent debt collection matter).

Medicredit designates attorney representation on an account-specific basis. *See* ECF No. 26, Exhibit 7, Wright Depo., at 26:24-27:16. Thus, Medicredit's knowledge of representation is limited to the notice it receives on each account, not for each consumer. Though it appears from Woodman's record that the June notice was *intended* to notify Medicredit on the third account, (ECF No. 27 at 8), the court cannot confuse speculation with genuine issues of fact.

Even construing the pleadings and exhibits favorably to Woodman, no reasonable jury can dispute the contents of the June notice reference only the second account. Because Medicredit's policy designates representation by account, Medicredit's knowledge of representation was thus

1    limited to the accounts on which it was specifically informed.  Communication efforts to collect
2    on the third account were therefore not improper during the disputed time.
3        This court is further persuaded by the recent decision by the United States District Court
4    for the District of Georgia on analogous facts.  *Jones v. Medicredit, Inc.*, 2024 WL 489293 (N.D.
5    Ga. Jan. 29, 2024); *report and recommendation adopted*, 2024 WL 1235548 (N.D. Ga. Mar. 4,
6    2024).  This order is consistent with the court's findings in *Jones v. Medicredit* and the court finds
7    no reason to deviate and create inconsistencies in the application of 15 U.S.C. § 1692, *et seq.*
8        The evidence does not reasonably support an inference that Medicredit had actual
9    knowledge of Woodman's representation on the third account from June through August 2021.
10   The court therefore finds Medicredit was reasonable in its efforts to collect on the third account
11   pursuant to 15 U.S.C. § 1692c(A)(2) and is entitled to summary judgment on those grounds.

    *2. Woodman's remaining FDCPA claims*

13       Woodman also alleges Medicredit engaged in harassment and unfair or unconscionable
14   tactics, in violation of 15 U.S.C. §§ 1692d and 1692f, respectively.  Because Woodman
15   acknowledges her additional FDCPA claims are premised on the Section 1692c(A)(2) violation,
16   the court finds summary judgment is appropriate on those claims as well.
17       B.  <u>TCPA Claim</u>
18       Woodman's remaining claim alleges Medicredit uses an automatic telephone dialing
19   system (ATDS) and artificial, prerecorded messages in violation of the Telephone Consumer
20   Protection Act.  47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B).  Medicredit denies that it uses
21   an ATDS and asserts Woodman gave express consent for such calls pursuant to her agreement to
22   seek medical care.
23       There are generally three elements to a TCPA claim: (1) the defendant called a cellular
24   telephone number; (2) using an automatic telephone dialing system or artificial or prerecorded
25   voice; (3) without the recipient's prior express consent.  *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*,
26   869 F.3d 795, 803 (9th Cir. 2017).  The parties both argue the second element, but the court finds
27   the third element dispositive.
28       Express consent is not an element of a plaintiff's prima facie case but is an affirmative

defense for which the defendant bears the burden of proof. *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017); *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 565 (Jan 4., 2008) ("[W]e conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent...").

The Ninth Circuit relies on the Federal Communication Commission's 1992 interpretation of express consent. *Van Patten*, 847 F.3d at 1044. [P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752, 8769 (Oct. 16, 1992).

In a 2008 rulemaking, the FCC added:

> "Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the 'prior express consent' of the called party, we clarify that such calls are permissible."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C. Rcd. 559, 564 (2008) (footnote omitted).

The Sixth Circuit found "that consumers may give 'prior express consent' under the FCC's interpretation of the TCPA when they provide a cell phone number to one entity as part of a commercial transaction, which then provides the number to another related entity from which the consumer incurs a debt that is part and parcel of the reason they gave the number in the first place." *Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 346 (6th Cir. 2016). The court identified the medical care as a "commercial transaction," placing it firmly within the control of the FCC. *Id*.

This court is persuaded by the Sixth Circuit's findings in *Baisden*. Woodman provided her cellphone number to St. Rose as part of such a commercial transaction to seek medical care. By giving her phone number on her medical admission form, Woodman consented to communication originating from that transaction, including efforts to collect on debt. Medicredit received Woodman's number from St. Rose when St. Rose placed the account. This practice is compliant with the FCC's guidance and this finding is consistent with other circuit opinions. *See Mais v. Gulf Coast Collection Bureau, Inc*., 768 F.3d 1110 (11th Cir. 2014) (finding that a patient's cell

- 7 -

phone number on an emergency room admission form was his consent to contact him regarding medical debt from that visit).

The court does not find a genuine issue of material fact between the parties because it is undisputed that Woodman provided her phone number on her medical admission form. The court therefore grants summary judgment to Medicredit on Woodman's claim arising from alleged TCPA violations.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED that defendant Medicredit's motion for summary judgment (ECF No. 26) be, and the same hereby is, GRANTED. The clerk of court is INSTRUCTED to enter judgment in favor of Medicredit and close the case.

DATED September 9, 2024.

_____
UNITED STATES DISTRICT JUDGE